UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00197-LRH-CWH |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| TRIMALE DWAYNE SHERIDAN, | |
| Defendant. | |

Before the Court is Defendant Trimale Dwayne Sheridan's ("Sheridan") motion for compassionate release (ECF No. 100), and the Federal Public Defender's notice of non-supplementation (ECF No. 101). The government filed an opposition (ECF No. 102), to which Sheridan filed no reply. For the reasons contained in this Order, the Court denies the motion.

**I.    BACKGROUND**

In November 2015, Sheridan pleaded guilty to attempted armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). ECF No. 81. The underlying conduct surrounding the robbery was especially violent. Sheridan admitted that he forced his way into the bank and assaulted a bank employee with a replica firearm. ECF No. 83, at 4. Sheridan knocked the bank employee to the floor, and she suffered lacerations on her scalp that required five staples. *Id.* Sheridan escaped with what he believed was stolen cash. *Id.*

At sentencing on March 17, 2016, the Court noted that this was "the worst of those types of [bank robberies]," and that the victim was "made to believe that [she] may be killed as the result of an armed robbery." ECF No. 97, at 18. The Court sentenced Sheridan to 115 months' imprisonment—the high-end of the guidelines. *Id.* at 19.

///

1

Sheridan is serving his sentence at Florence-High USP, with a projected release date of October 22, 2022.[1] Now, because of the ongoing COVID-19 global pandemic, Sheridan seeks compassionate release.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The government initially noted that Sheridan did not meet the administrative exhaustion requirement, *see* ECF No. 102, at 2, however, since the filing of the government's response, Sheridan sent the Court a letter detailing that he exhausted his administrative remedies via a petition to the warden. Therefore, the Court finds that Sheridan has exhausted the administrative remedies.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)    (A) extraordinary and compelling reasons warrant the reduction; or
>
>         (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;

---

[1] https://www.bop.gov/inmateloc/.

> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for compassionate release, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Still, the Court is not bound by the Sentencing Commission's guidance. *United States v. Aruda*, __ F.3d __, 2021 WL 1307884 (9th Cir. Apr. 8, 2021).

## II. DISCUSSION

Sheridan has not presented extraordinary and compelling reasons warranting a release or reduction in his sentence. The risk of exposure to COVID-19 presents an extraordinary and compelling reason warranting compassionate release when it is compounded by an inmate's medical condition or characteristic. Sheridan does not cite to a specific medical condition which may complicate a COVID-19 infection, but rather, cites to the pandemic and risk of exposure generally. At the relatively young age of 46, Sheridan's general assertion does not demonstrate with specificity that he is at a unique risk to become severely ill from COVID-19.

Moreover, Sheridan is serving his sentence at USP Florence – High ("Florence"). There is no indication that Florence is experiencing a substantial outbreak of COVID-19 cases. The BOP currently reports that there are 721 inmates at Florence. Of those 721, three are currently infected with COVID-19.[2] Florence is following BOP required procedures required to control the spread

---

[2] Bur. of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Apr. 23, 2021).

of the virus and, while an outbreak is never entirely preventable, the steps taken by the BOP seem to have diminished the threat of a COVID-19 flare-up at Florence.

That said, promises of a vaccine are encouraging. It appears that the COVID-19 vaccine will be administered to all federal inmates following a "tiered" prioritization schedule like that of the general population.[3] An individual such as Sheridan—who is 46 years old and is suffering from no significant medical conditions—is considered "Priority Level 4." After correctional staff and more at-risk inmates receive their vaccines, Sheridan is next in line. According to recent reports, all federal inmates are to be offered the vaccine by mid-May, with 66% of inmates having accepted an invitation to receive the vaccine.[4] This is significant as that percentage is slightly higher than the 61% of Americans who have either received or are seeking a vaccine. The Court expects that inmates like Sheridan will receive the vaccine sooner than later. Therefore, on balance, the Court finds that extraordinary and compelling reasons do not exist in this case.

Lastly, the section 3553(a) factors do not warrant release.

Sheridan has an extensive criminal history, and the sentence he is currently serving is because of especially concerning conduct. The robbery at issue was particularly violent and could have killed the victim. Armed robbery, in addition to the potential of serious bodily injury or death, can cause lasting emotional stress and psychological damage through assault and property destruction. The Court is not convinced the general threat of the COVID-19 pandemic, considering the promising vaccine efforts, outweighs Sheridan's danger to the community.

Therefore, because Sheridan has no apparent medical conditions, and the 3353(a) factors do not warrant release, the Court will deny his motion for compassionate release. The Court finds that Sheridan should serve the full sentence imposed against him to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment for his offenses committed.

///

---

[3] Bur. of Prisons, *COVID-19 Vaccination Efforts Commended* (Jan. 16, 2021), https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp.

[4] Becky Sullivan, NPR, *All Federal Inmates To Be Offered Vaccine By Mid-May, BOP Director Says* (Apr. 16, 2021), https://www.npr.org/2021/04/16/988237102/all-federal-inmates-to-be-offered-vaccine-by-mid-may-bop-director-says.

4

### III. CONCLUSION

IT IS THEREFORE ORDERED that Sheridan's motion for compassionate release (ECF No. 100) is **DENIED**.

IT IS SO ORDERED.

DATED this 13th day of May, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE